CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 24, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JAWAN LEE,** | ) | |
| Plaintiff, | ) | Case No. 7:23cv00271 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **A. BENTLEY,** | ) | By: Pamela Meade Sargent |
| Defendant. | ) | United States Magistrate Judge |

Jawan Lee, ("Lee"), a Virginia Department of Corrections, ("VDOC"), inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983, alleging violation of his Fourteenth Amendment rights by Sergeant A. Bentley, ("Bentley"). Bentley has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket Item No. 16) ("Motion"), to which plaintiff has responded. Following notice pursuant to 28 U.S.C. § 636(c), all parties filed written consent to the exercise of jurisdiction in this case by a magistrate judge. Thereafter, pursuant to Order entered on August 29, 2023, (Docket Item No. 13), the case was transferred to the undersigned magistrate judge to handle the proceedings herein, including dispositive orders, pursuant to 28 U.S.C. § 636(c)(1). Upon review of the pleadings, the court will grant the Motion.

## I.   Background

In his Complaint, (Docket Item No. 1), Lee alleged on October 7, 2021, while incarcerated at Red Onion State Prison, ("Red Onion"), he was called out of the A-1 pod into the A-Building hallway. Lee alleged numerous correctional officers were waiting for him, and he was told to drop the items he was carrying, including his JP5

tablet. He said he placed the items he was holding on the floor and turned and put his hands on the wall. Lee alleged that Bentley picked up his JP5 tablet and said, "[I'm] taking this." When Lee asked why Bentley was taking his tablet, Bentley responded, "[It's] not up for discussion." Lee said that other officers allowed Bentley to take his JP5 tablet. Lee alleged he saw Unit Manager Day coming into the A Building, and he told Day, "They are stealing [my tablet]." He said Day told him to write a complaint.

Lee alleged that he submitted a complaint form on October 7, 2021. Lee attached a copy of a Written Complaint form dated 10/12/21 and a Regular Grievance dated 10/11/21 to his Complaint. On these forms, Lee complained that his JP5 tablet was not broken and had not been altered and that he did not receive a confiscation form for his JP5 tablet until October 12, 2021. Lee alleged that on October 27, 2021, property officer B. Meade responded to his Written Complaint stating that Lee's confiscated JP5 tablet was not in confiscated property, and there was no record that his JP5 tablet was taken. Lee alleged that his Regular Grievance was determined to be unfounded at both Level I and Level II.

## II.  Discussion

A motion to dismiss under Rule 12(b)(6) takes the facts alleged by the plaintiff as true and determines whether those facts support a claim for which the defendant could be liable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The motion should be granted only if the plaintiff is not entitled to judgment on the facts alleged as a matter of law. The motion does not resolve factual disputes between the parties or the merits of the case. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Lee alleges that Bentley's actions in taking his JP5 tablet violate his due process rights under the Fourteenth Amendment. In his Memorandum In Support Of

Motion To Dismiss, Bentley argues that deprivation of property by a state employee does not constitute a violation of due process if a meaningful post-deprivation remedy for the loss is available. (Docket Item No. 17.) In the prison context, "where a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur." *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). Therefore, "if a meaningful post[-] deprivation remedy for the loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. *Hudson*, 468 U.S. at 533. Both the Fourth Circuit Court of Appeals and this court have held that the Virginia Tort Claims Act, VA. CODE ANN. § 8.01-195.1 et seq., and Virginia common law provide adequate post-deprivation remedies for negligent or intentional wrongful acts committed by state employees. *See Wadhams v. Procunier,* 772 F.2d 75, 78 (4th Cir. 1985); *George v. Colley*, 2023 WL 5095700, at *3-4 (W.D. Va. Aug. 9, 2023). In *George*, the prisoner filed a §1983 action claiming his constitutional right to due process under the Fourteenth Amendment was violated when prison officials deprived him of certain property, including his JP5 player. *See George*, 2023 WL 5095700, at *1, 3. The court summarily dismissed this constitutional claim as lacking any merit based on the above-cited precedent. *See George*, 2023 WL 5095700, at *3.

### III. Conclusion

For the reasons stated above, Lee's constitutional claim lacks merit. Therefore, court will grant the Motion and dismiss the claim with prejudice. An appropriate order will be entered this day.

**ENTERED:** April 24, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE